Keith M. **KEARNEY**, et al., Plaintiffs,

v.

Michael J. **JANDERNOA**, et al., Defendants.

No. 1:95–CV–823.

United States District Court, W.D. Michigan, Southern Division.

July 22, 1996.

John E. Anding, Drew, Cooper & Anding, Grand Rapids, MI, Steven E. Cauley, Little Rock, AR, Milton Clay Ragsdale, M. Clay Ragsdale Law Offices, Birmingham, AL, for plaintiffs.

Ellen S. Carmody, Law, Weathers & Richardson, Grand Rapids, MI, Peter J. Meyer, Gardner, Carton & Douglas, Chicago, IL, for Michael J. Jandernoa, Lonnie L. Smith, Richard G. Hansen, M. James Gunberg, Steven N. Hutchinson, Robert P. Lasner, Mark Olesnavage, F. Folsom Bell, Perrigo Company, William C. Swaney, Ralph E. Klingenmeyer.

Gregory G. Timmer, Rhoades, McKee, Boer, Goodrich, Titta, Grand Rapids, MI, Michael B. Reuben, Gordon, Altman, Butowsky, Weitzen, Shalov & Wein, New York City, for Henry L. Hillman, C.G. Grefenstette.

William K. Holmes, Warner, Norcross & Judd, L.L.P., Grand Rapids, MI, Dennis E. Glazer, Davis, Polk & Wardwell, New York City, for J.P. Morgan Securities, Ltd., J.P. Morgan Securities, Inc., Morgan Stanley & Company, Inc., Morgan Stanley International, Smith Barney Shearson, Inc., Dean Witter Reynolds, Inc., Dean Witter International Ltd.

### *OPINION*

QUIST, District Judge.

This is a derivative action against officers and directors of Perrigo Company, a Michigan corporation, and others.

*Background*

Mr. Peter Formanek was elected to the board of directors of Perrigo on November 11, 1993, and was thereafter elected an "independent director" under Section 505(3) of the Michigan Business Corporation Act, M.C.L. § 450.1505(3). *See generally* C. Moscow, M. Rogers Lesser, and S. Schulman, *Michigan's Independent Director,* 46 Bus.Law. 57 (1990) (discussing Section 505(3)). In response to plaintiff shareholders' demand that Perrigo sue its officers and directors, among others, for essentially the same acts or omissions claimed as wrongdoing in a securities fraud action currently pending before this Court,[1] the board of directors of Perrigo appointed Mr. Formanek to make an investigation to determine whether it would be in the best interest of Perrigo to bring, on behalf of the corporation, the claims raised by the plaintiffs in the instant case.

To assist in his investigation and report, Mr. Formanek hired Anton R. Valukas and the law firm of Jenner & Block of Chicago, Illinois. On December 15, 1995, Mr. Formanek rendered his report. The Court has read portions of the report and scanned the entire report. The report contains a detailed factual and legal analysis of the securities fraud claims alleged in the securities fraud case currently pending before this Court. The report discusses interviews that Mr. Formanek's counsel had with employees of Perrigo, and it also discusses legal theories which are relevant to the securities fraud action. The report concludes "that it would not be in Perrigo Company's best interest, at this time, to pursue any of the three derivative claims described in the Demand...." (Formanek Report at 198.)

Perrigo did not bring the claims requested by the derivative plaintiffs. As a result, the derivative plaintiffs seek to bring the claims themselves.

Perrigo, as a nominal defendant, has moved to dismiss the derivative claims on the grounds set forth in Section 495 of the Michigan Business Corporation Act, M.C.L.

§ 450.1495. This provision states, in part, as follows:

(1) The court shall dismiss a derivative proceeding if, on motion by the corporation, the court finds that 1 of the groups specified in subsection (2) has made a determination in good faith after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative proceeding is not in the best interests of the corporation.... If the determination is made pursuant to subsection 2(c) or (d), the plaintiff shall have the burden of proving that the determination was not made in good faith or that the investigation was not reasonable.

Pursuant to Subsection 495(2)(d), a determination can be made "[b]y all disinterested independent directors." M.C.L. § 450.1495(2)(d). Perrigo claims that Mr. Formanek is "all disinterested independent directors."

At a hearing which was held on May 21, 1996, this Court stated that, as a substantive matter in this case, it should resolve the threshold issue of whether Mr. Formanek was a "disinterested independent director" of Perrigo under Michigan law. The Court ordered that the plaintiffs depose Mr. Formanek and Mr. Valukas within 60 days of May 21, but the Court did not limit the deposition to this threshold issue.

The plaintiffs in the instant derivative proceeding have moved to have the December 15, 1995, report of Mr. Formanek produced as part of their discovery. Nominal defendant Perrigo has, in effect, moved for a protective order to prevent the report from being turned over to the plaintiffs. Perrigo argues that the report is protected by the attorney-client privilege because it discusses counsel's interviews with Perrigo employees as well as documentary information received during the investigation and because the report discusses legal standards. Perrigo also claims that the report constitutes the work product of counsel because it was prepared in anticipation of the instant derivative claim.

---

**1.** *Picard Chemical Inc. Profit Sharing Plan, et al. v. Perrigo Co., et al.,* Case Nos. 1:95–CV–141,

1:95–CV–290, —— F.Supp. —— (W.D.Mich.1996).

*Discussion*

■ Mr. Formanek was elected as an allegedly "independent" director. It is arguable that as the only "disinterested independent director" on Perrigo's board, Mr. Formanek can make a determination under Section 495(1) that would require the dismissal of the instant derivative case if his determination was made in "good faith after reasonable investigation." As explained in C. Moscow, M. Lesser and S. Schulman, *Michigan's Independent Director*, 46 Bus. Law. 57, 58–59:

> [T]he statute accords express recognition to the role of the independent director in three areas of corporate action. This director may make determinations related to indemnification; may ratify corporate transactions with directors or officers; and *may determine that derivative litigation is not in the corporation's best interests.* The authority of the independent director in these three areas constitutes the key statutory inducement for corporations to name one or more independent directors.
>
> \* \* \* \* \* \*
>
> [T]he independent director is intended to represent the corporation as a business enterprise and evaluate proposals in light of the corporation's best interests. (Emphasis added.)

Perrigo's motion to dismiss pursuant to Section 495(1) raises the following legal and factual issues: whether Mr. Formanek was independent; whether Mr. Formanek was disinterested; whether Mr. Formanek was "all disinterested independent directors;" whether Mr. Formanek made a determination; whether Mr. Formanek acted in good faith; and whether Mr. Formanek conducted a reasonable investigation upon which his conclusions were based. Perrigo argues that there can be adequate discovery and resolution of these issues without permitting the plaintiffs access to the report itself. This Court disagrees. In fact, the report will probably be the best evidence of Mr. Formanek's good faith and the adequacy of his investigation, or lack thereof. Certainly, this Court will want to have the report before it when it rules upon Perrigo's motion to dismiss. Moreover, this Court will not rule on the motion to dismiss in reliance upon the determination contained in the report unless plaintiffs have had the opportunity to read and comment upon the report. Therefore, even if there is work product protection for the report, there is good cause to disclose the report to the derivative plaintiffs during discovery so that the derivative plaintiffs can properly prepare their response to Perrigo's motion to dismiss under Section 495.

■ As to Perrigo's claim that the report is protected by Perrigo's attorney-client privilege, this Court disagrees. The key point of distinction between the instant case and the cases cited by Perrigo is that Mr. Formanek's report is not simply submitted to Perrigo or an independent committee of Perrigo in order to enable it or them to make a recommendation or decision regarding possible wrongdoing of corporate officers or directors, indemnification, or the defense of an action. Rather, the determination contained in the report is being submitted *to the Court* under Section 495 as a complete and substantive defense to the derivative claims. This Court holds that if a corporation, such as Perrigo in this case, relies upon Section 495 in moving to dismiss a shareholders derivative claim, that corporation thereby waives any attorney-client privilege which attached to the report containing the disinterested independent directors' determination. Perrigo tries to distinguish between the contents of the report and the determination itself. This Court finds this distinction to be without merit. In other words, if a disinterested independent director makes a determination and a report, the report and determination are one and the same. Stated another way, the determination is not simply the final conclusion but also embodies independent, specific conclusions regarding specific claims and the rationale for those conclusions. Furthermore, plaintiffs bear the burden of proof of showing that the investigation was not reasonable or lacked good faith. M.C.L. § 450.1495(1). There is no practical way of carrying this burden of proof without access to the report. This Court does not believe that the Michigan Legislature intended to bar a derivative claim upon the mere state-

ment that a determination was made pursuant to Subsections 495(1) and 495(2)(d).

Therefore, this Court will grant plaintiffs' motion to compel production of the Formanek report.

■ This decision does not end the analysis. The Court realizes Mr. Formanek's report might be of substantial assistance to plaintiffs in the securities fraud claims pending before this Court, and this Court recognizes Perrigo's fear that the derivative plaintiffs might be seeking the report to assist the securities fraud plaintiffs in the suit against Perrigo. This is not an unfounded fear. The securities fraud plaintiffs have requested this Court to order delivery of the Formanek report and seek to coordinate their discovery with the derivative plaintiffs' discovery. It is not unusual in securities fraud cases for derivative plaintiffs and securities fraud plaintiffs to work as a team.

But, waiver of the attorney-client privilege or work product protection as to derivative plaintiffs does not mean that these doctrines cannot protect the report from discovery by the securities fraud plaintiffs and others. How can this be? One could reason that, if there is a waiver, waiver is total. This Court believes that such simplistic reasoning overlooks the unique position of a derivative plaintiff. Such a plaintiff is, in effect, acting on behalf of the corporation in that such a plaintiff is seeking recovery on behalf of the corporation. Logically, the best result that can be achieved by a corporate defendant in a securities fraud case is to avoid a judgment for securities fraud in the first instance. Derivative plaintiffs asserting the corporation's interests, therefore, should not be permitted to disrupt or direct the corporation's defense of the securities fraud claims by forcing the corporation to give up any claim it has to attorney-client privilege or protection of attorneys work product. Such disruption or direction would not be in the best interest of the corporation—the very interest the derivative plaintiffs claim to represent. In other words, derivative plaintiffs' right to the For-

manek report derives from their seeking to represent the best interest of the corporation and cannot be used to injure the corporation by waiving any privilege, protection, or defense possessed by the corporation.

Therefore, any right which the derivative plaintiffs have to the Formanek report is limited to the right to use the report to respond to Perrigo's motion to dismiss under Section 495.[2] Furthermore, if the derivative plaintiffs overcome Perrigo's motion to dismiss, they will not have any right or authority, either inadvertently or wilfully, to waive any claim of privilege or work product protection that resides in Perrigo. The responsibility for defending the securities fraud claims against Perrigo is still under the direction of Perrigo's board of directors and the attorneys who have appeared on behalf of Perrigo—not the derivative plaintiffs. Furthermore, the derivative plaintiffs and their attorneys and all other parties in the derivative case will be prohibited from delivering the report, or any portion thereof, to, or discussing the report, or any portion thereof, with, any other person, including securities fraud plaintiffs or their attorneys, until further Order of this Court. It will be further ordered that counsel for the securities fraud plaintiffs will be barred from attending the depositions of Peter R. Formanek and Anton R. Valukas and will be barred from receiving copies of or reading those depositions.

*Conclusion*

In summary, this Court holds that any privilege or protection attaching to a disinterested independent director's determination, including the report, is waived in a derivative case wherein the corporation relies upon the determination to dismiss claims pursuant to Section 495 of the Michigan Business Corporation Act. M.C.L. § 450.1495. However, the waiver does not extend to any person other than the parties in the derivative case.

An Order consistent with this Opinion will be entered.

**2.** This Court realizes that this ruling may create a problem for plaintiffs in deciding what they can disclose in response to Perrigo's motion to dismiss. This Court requests plaintiffs to contact the Court to arrange a conference with all counsel in this case in order to resolve this issue before plaintiffs file their responsive brief.

## *ORDER*

In accordance with the Opinion entered this date,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Compel Production of the 198–Page Report of Peter Formanek (docket no. 33) is **GRANTED,** subject to the terms and limitations set forth in this Court's Opinion and this Order.

**IT IS FURTHER ORDERED** that plaintiffs and counsel for plaintiffs, the other defendants in this case, and their counsel, and all those acting in concert with them, are hereby prohibited from: making additional copies of the report; delivering the report, or any portion thereof, to any other person; and discussing the report, or any portion thereof, with any other person. They are further prohibited from delivering copies of the depositions of Peter R. Formanek and Anton R. Valukas, or any portion thereof, to any other person. This paragraph does not prohibit the parties in the derivative case from discussing the Formanek report and the Formanek and Valukas depositions among themselves.

**IT IS FURTHER ORDERED** that counsel for the securities fraud plaintiffs, and all those acting in concert with them, are hereby barred from attending the depositions of Peter R. Formanek and Anton R. Valukas and from ordering or reading transcripts of those depositions. Only counsel for the parties in the instant case, and their clients, may attend these depositions.

**IT IS FURTHER ORDERED** that the Court Reporter shall not make any transcript of the depositions of Peter R. Formanek or Anton R. Valukas for any person who is not a party to this case unless the Court Reporter is given permission to make a copy by further Order of this Court.

**IT IS FURTHER ORDERED** that a copy of this Order must be served upon the Court Reporter by counsel for Perrigo.