**Keith M. KEARNEY, et al., Plaintiffs,**

**v.**

**Michael V. JANDERNOA,
et al., Defendants.**

**No. 1:95–CV–823.**

United States District Court,
W.D. Michigan,
Southern Division.

Nov. 8, 1996.

John E. Anding, Drew, Cooper & Anding, Grand Rapids, MI, Steven E. Cauley, Steven E. Cauley, P.A., Little Rock, AR, Milton Clay Ragsdale, M. Clay Ragsdale Law Offices, Birmingham, AL, for Keith M. Kearney, John Hunter Kearney, Baker Kearney.

Ellen S. Carmody, Law, Weathers & Richardson, Grand Rapids, MI, Peter J. Meyer, Gardner, Carton & Douglas, Chicago, IL, for Michael J. Jandernoa, Lonnie L. Smith, Richard G. Hansen, M. James Gunberg, Steven N. Hutchinson, Robert P. Lasner, Mark Olesnavage, F. Folsom Bell, William C. Swaney, Ralph E. Klingenmeyer, Perrigo Company.

Gregory G. Timmer, Rhoades, McKee, Boer, Goodrich, & Titta, Grand Rapids, MI, Michael B. Reuben, Gordon, Altman, Butowsky, Weitzen, Shalov & Wein, New York City, for Henry L. Hillman, C.G. Grefenstette.

William K. Holmes, Warner, Norcross & Judd, L.L.P., Grand Rapids, MI, Dennis E. Glazer, Davis, Polk & Wardwell, New York City, for J.P. Morgan Securities, Ltd., J.P. Morgan Securities, Inc., Morgan Stanley & Company, Inc., Morgan Stanley International, Smith Barney Shearson, Inc., Dean Witter Reynolds, Inc., Dean Witter International Ltd.

## *OPINION*

QUIST, District Judge.

This case is a derivative action against officers and directors of Perrigo Company (Perrigo), a Michigan corporation, and others. Before this Court is "Nominal Defendant Perrigo Company's Motion for Clarification and Partial Modification of the Court's July 22, 1996 Order." Perrigo is also a defendant in a securities fraud class action suit pending before this Court. *Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.*, Case No. 1:95–CV–141 (W.D.Mich.1995).

Perrigo requests in its motion that the Court: 1) vacate and modify the portion of the July 22, 1996 Opinion (*Kearney v. Jandernoa*, 934 F.Supp. 863 (W.D.Mich.1996)) referring to waiver of the attorney-client privilege and work product immunity; 2) clarify the Order with respect to the right of other defendants in the shareholders derivative suit to obtain a copy of the Report; and 3) allow Perrigo to redact the portions of the Report that specifically discuss dismissed allegations.

■ For the reasons set forth in this Court's Opinion dated November 5, 1996 in *Picard Chemical,* this Court vacates the portion of the Opinion and Order dated July 22, 1996 in the derivative shareholders suit referring to waiver of the attorney-client privilege and waiver of work product immunity. Additionally, the Court rules as follows:

1) the Report is protected by the attorney-client privilege and work product immunity;

2) plaintiffs have established that there is substantial need for their access to the Report and that undue hardship would result from the Court denying them the Report;

3) it is not necessary for the Court to determine if Perrigo waived the attorney-client privilege or work product immunity since plaintiffs have established substantial need and undue hardship;

4) at this time, only the plaintiffs have established substantial need and undue hardship; thus, until further order of this Court, only plaintiffs are entitled to the Report; and

5) Perrigo has cited no authority in support of its position that the Court allow it to redact the portions of the Report that refer to allegations that have already been dismissed, and Perrigo has not directed this Court to anything contained in the Report that appears to be damaging to Perrigo in the conduct of its business; thus, Perrigo's request to redact portions of the Report will be denied.

An Order consistent with this Opinion will be filed.

## *ORDER*

In accordance with the Opinion entered this Date,

**IT IS HEREBY ORDERED** that nominal defendant Perrigo Company's motion for clarification and partial modification (docket no. 46) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1) the portions of the Opinion and Order dated July 22, 1996 (docket nos. 36 and 37) (*Kearney v. Jandernoa*, 934 F.Supp. 863 (W.D.Mich.1996)) referring to waiver of the attorney-client privilege and waiver of work product immunity is **VACATED;**

2) the Opinion and Order dated July 22, 1996 (docket nos. 36 and 37) is **MODIFIED** in part so that plaintiffs, and only plaintiffs, are entitled access to the Report because of substantial need and undue hardship; and

3) nominal defendant Perrigo's request to redact portions of the Report referring to allegations that have already been dismissed is **DENIED.**

Except as specifically modified above, the Opinion and Order dated July 22, 1996 (docket nos. 36 and 37), remain in full force and effect.

This Order is without prejudice to any defendant seeking to show substantial need and undue hardship for access to the Report.